WILEY SHERMAN v. THE STATE.

No. 7206.   Decided February 21, 1923.

### 1.—Gaming—Public Place—Private Residence—Information.

Where the information charged the defendant with permitting a game of cards to be played unlawfully, etc., in the house under his control, the same being then and there a public place, to wit, a private residence, and occupied by a family, which was commonly resorted to for the purpose of gambling, the same was sufficient. Following Simonds v. State, 56 Texas Crim. Rep., 339.

2.—Same—Evidence—General Reputation.

Where upon trial of permitting a game of cards at which betting was done, etc., the evidence showed that the gambling was done at a private residence, and it was sought to fix the public character to the private residence and that it was commonly resorted to for the purpose of gambling, by the testimony of witnesses that they knew the general reputation of said residence to be that it was commonly resorted to for gambling purposes, the same was reversible error. Following Warren v. State, recently decided.

Appeal from the County Court of Smith. Tried below before the Honorable D. R. Pendleton.

Appeal from a conviction of permitting gambling; penalty, a fine of $75.

The opinion states the case.

No brief on file for appellant.

*R. G. Storey*, Assistant Attorney General, for the State.

HAWKINS, Judge.—It was charged against appellant that he permitted a game of cards on which betting was done to be played in a house under his control, said house being a public place in that it was a private residence occupied by a family which was commonly resorted to for the purpose of gambling. Conviction followed and a fine of $75 was assessed.

Motion to quash the information was presented on the ground that it failed to allege and define a public place as required by the statute, and that a private residence occupied by a family commonly resorted to for the purpose of gambling was not a public place under the law. The court propertly overruled the motion under authority of Stuart v. State, 60 S. W. Rep., 554; Simons v. State, 56 Texas Crim. Rep., 339, 120 S. W. Rep., 208.

The evidence shows that the gambling was done at the private residence of Wiley Sherman. It was sought to fix a public character to said private residence by proof that it was commonly resorted to for the purpose of gambling. Many witnesses were introduced who testified over objection that they knew the general reputation of said residence to be that it was commonly resorted to for gambling purposes. The very question involved here was discussed in the recent case of Sam Warren v. State (No. 6935, opinion delivered February 7, 1923). Warren was charged with gambling at the private residence of Wiley Sherman which was alleged to be a place commonly resorted to for the purpose of gambling. The same character of testimony to prove the latter allegation was resorted to there as in the instant case, and was held inadmissible. For the reasons stated in that opinion the admission of the same character of testimony in the instant case was erroneous and calls for a reversal.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*